## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAZMA MEKELLE PARKER,

     Plaintiff,

-vs-                                                    Case No.

EQUIFAX INFORMATION
SERVICES LLC; TRANS UNION
LLC; and NAVY FEDERAL CREDIT
UNION,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JAZMA MEKELLE PARKER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); TRANS UNION LLC (hereinafter "Trans Union"); and NAVY FEDERAL CREDIT UNION (hereinafter "NFCU"), (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Baltimore County in the State of Maryland. She is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1693a(6).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    NFCU is a corporation headquartered 820 Follin Lane SE in Vienna, Virginia 22180 that upon information and belief conducts business in the State of Georgia.

17.    NFCU is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    NFCU furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe a debt to NFCU, partial account number ending in x8486, as to an unsecured loan (hereinafter "NFCU Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the NFCU Account.

20.     Upon information and belief, Plaintiff is a victim of identity theft.

21.     On or about June 27, 2024, Plaintiff learned that her NFCU online banking account had been hacked, her password was changed, and that the NFCU Account, a signature loan in the amount of $3,999, had been opened.

22.     Immediately, Plaintiff contacted NFCU and advised she did not authorize the NFCU Account and that it was fraudulent.

23.     Further, immediately after the NFCU Account was opened, the funds were electronically transferred to an unknown person, "Tylexusia Appling".

24.     During that call, Plaintiff advised she did not authorize the NFCU Account, and that it was fraudulent.

25.     On or about July 11, 2024, Plaintiff obtained copies of her credit reports from Equifax and Trans Union. Upon review, Plaintiff observed the NFCU Account was reported with status of open and balance of $4,005.

26.    On or about July 11, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 175100044. In this report, she explained that she was a victim of identity theft and that the NFCU Account listed in her credit report did not belong to her.

27.    On or about July 24, 2024, Plaintiff mailed a letter to Equifax to dispute the NFCU Account which she did not authorize and did not belong her.

28.    On or about July 25, 2024, Plaintiff mailed a letter to Trans Union to dispute the NFCU Account which she did not authorize and did not belong her.

29.    Plaintiff mailed her dispute letter via USPS Certified Mail to Equifax (9505 5129 3853 4206 5510 59) and Trans Union (9505 5129 3853 4206 5510 97).

30.    On or about July 26, 2024, Plaintiff filed a police report with the Baltimore County Police Department regarding the fraud and identity theft.

31.    On or about July 26, 2024, Plaintiff received dispute results from Equifax which stated the NFCU Account was verified as accurate.

32.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

33.    Equifax never attempted to contact Plaintiff during the alleged investigation.

34.     Upon information and belief, Experian notified NFCU of Plaintiff's dispute. However, NFCU failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.     On or about July 31, 2024, Plaintiff received dispute results from Trans Union which stated the NFCU Account was verified as accurate.

36.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

37.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

38.     Upon information and belief, Trans Union notified NFCU of Plaintiff's dispute. However, NFCU failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

39.     Due to the inaccurate reporting, on or about August 10, 2024, Plaintiff mailed a detailed dispute letter to Equifax and Trans Union. In the letter, Plaintiff advised she was a victim of identity theft and that the NFCU Account did not belong to her. Further, Plaintiff provided images of the erroneous

reporting, images of her filed FTC Identity Theft Report, images of the police report filed with the Baltimore County Police Department, and other supporting documents.

40.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0779 7535 93) and Trans Union (9589 0710 5270 0779 7535 86).

41.     On or about August 13, 2024, Plaintiff received dispute results from Trans Union which stated the erroneous NFCU Account was deleted from her credit file.

42.     On or about August 29, 2024, Plaintiff received a response from Equifax which stated it required additional proof of identification.

43.     Despite confirmation of delivery, Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report on or about September 18, 2024, Plaintiff observed the erroneous NFCU Account was no longer reported to her credit report.

44.     Plaintiff has security clearance which she must maintain to stay employed. Plaintiff is stressed and concerned the fraudulent NFCU Account will cause her to lose her security clearance. Accordingly, Plaintiff made payments

toward to the NFCU Account and suffered financial loss to protect her security clearance.

45.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.    Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## **CAUSES OF ACTION**

### **COUNT I**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

46.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

47.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48.     Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

49.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

51.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

52.     Equifax violated its own policies and procedures by not deleting the erroneous account when Plaintiff provided them with the police report filed with the Baltimore County Police Department and filed FTC Consumer Report, which contained sworn testimony of the fraud.

53.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

56.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

57.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.   Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

59.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

61.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

62.   Equifax violated its own policies and procedures by not deleting the erroneous account when Plaintiff provided them with the police report filed with the Baltimore County Police Department and filed FTC Consumer Report, which contained sworn testimony of the fraud.

63.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

66.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

67.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

68.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

69.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

70.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

73.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

74.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

75.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

76.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

77.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

80.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

81.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.    Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

83.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

84.    Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

85.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

86.    Trans Union violated its own policies and procedures by not deleting the erroneous account when Plaintiff provided them with the police report filed with the Baltimore County Police Department and filed FTC Consumer Report, which contained sworn testimony of the fraud.

87.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

90.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

91.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

19

92.    Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

93.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

94.    Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

95.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

96.    Trans Union violated its own policies and procedures by not deleting the erroneous account when Plaintiff provided them with the police report filed with the Baltimore County Police Department and filed FTC Consumer Report, which contained sworn testimony of the fraud.

97.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

100.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

101.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

102. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

103. Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

104. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

107.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

108.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

109.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

110.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

111.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Navy Federal Credit Union (Negligent)

114.  Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

115.  NFCU furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

116.  After receiving Plaintiff's disputes, NFCU violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

117. Plaintiff provided all the relevant information and documents necessary for NFCU to have identified that the account was fraudulent.

118. NFCU did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NFCU by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

119. NFCU violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

120.   As a direct result of this conduct, action and/or inaction of NFCU, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and inaction of NFCU was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from NFCU in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual damages against Defendant, NAVY FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Navy Federal Credit Union (Willful)**

123.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

124.   NFCU furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

125.   After receiving Plaintiff's disputes, NFCU violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

126.   Plaintiff provided all the relevant information and documents necessary for NFCU to have identified that the account was fraudulent.

127.   NFCU did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NFCU by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence

and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

128.   NFCU violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

129.   As a direct result of this conduct, action and/or inaction of NFCU, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

130.   The conduct, action, and inaction of NFCU was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

131.   Plaintiff is entitled to recover costs and attorney's fees from NFCU in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NAVY FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAZMA MEKELLE PARKER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and NAVY FEDERAL CREDIT UNION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 23rd day of September 2024.

Respectfully Submitted,

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933

Tav@TheConsumerLawyers.com
*Attorney for Plaintiff*